```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

J. MARIO PRIDGEN               :    CIVIL ACTION
                               :
     v.                        :
                               :
JEFFREY D. WRIGHT, et al.      :    NO. 11-6863
```

MEMORANDUM

McLaughlin, J.                                          May 25, 2012

This § 1983 lawsuit arises from state court administrative officials' refusal to docket and file the plaintiff's petition for habeas corpus and various other pleadings. The plaintiff alleges that the defendants violated his state and federal constitutional rights of access to the courts, and to due process and equal protection. He seeks an injunction barring future unconstitutional procedures.

The defendants have moved to dismiss the amended complaint for failure to state a claim. The pro se plaintiff did not oppose. The Court will grant the motion, but with leave to amend within thirty days as to the First Amendment claim, the Fourteenth Amendment equal protection claim.

I.   Factual & Procedural Background[1]

The plaintiff, J. Mario Pridgen, is an inmate at SCI-Mahoney. On October 18, 2011, Pridgen forwarded a state habeas

---

[1] The Court accepts all well-pleaded facts in the amended complaint as true and draws all reasonable inferences in favor of the non-moving party, while disregarding any legal conclusions. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

corpus petition and several other filings to the Office of the Clerk of Courts of the Lancaster County Court of Common Pleas. The petition challenged the jurisdiction of the Lancaster County Court of Common Pleas to convict him based upon elements of a charge that was not pursued by the District Attorney.

On November 30, 2011, the state court issued an order denying the plaintiff's "Motion for the Court to Order the Assignment of a Civil Number to the Pending Habeas Corpus." Citing 42 Pa. C.S.A. § 6503(b), the court noted that the Post Conviction Relief Act ("PCRA") provided the appropriate remedy to address the plaintiff's complaints.

On December 17, 2011, the plaintiff again forwarded a state habeas corpus petition and several other filings, this time to the Prothonotary's Office of the Lancaster Court of Common Pleas. This petition challenged the restraint of his liberty as violating due process.

On January 1, 2012, the plaintiff forwarded several more motions to the state court in an attempt to get his habeas corpus petition filed and docketed.

The plaintiff filed his complaint in this case on November 2, 2011. On February 7, 2012, the plaintiff filed an amended complaint against Jeffrey Wright, a state court judge, Randall Wenger, the Prothonotary, and Joshua Parsons, the Clerk of Court. Mr. Pridgen alleges violations of the First Amendment right of access to the courts, and the Fourteenth Amendment

rights to due process and equal protection.  His amended complaint also states that he brings these claims under both state and federal constitutions.  He seeks an injunction barring future unconstitutional conduct.

This Court previously dismissed the claims against defendant Jeffrey Wright as barred by judicial immunity, as well as the claims against defendants Wenger and Parsons in their official capacities as barred by sovereign immunity.  ECF No. 13. Remaining defendants Wenger and Parsons now move to dismiss the individual capacity claims against them for failure to state a claim.

II. Discussion

A. First Amendment

Prisoners retain a right of access to the courts under the First Amendment.  However, where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show that (1) they suffered an actual injury - that they lost a chance to pursue a non-frivolous or arguable underlying claim; and (2) that they have no other remedy that may be awarded as recompense for the lost claim other than in the present denial of access suit.  Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).  At the pleading stage, the complaint must describe the underlying arguable claim well enough to show

that it is more than mere hope, and it must describe the lost remedy. Id.

The only allegations in the plaintiff's amended complaint pertaining to the underlying claim in the habeas petition are that it was "meritorious" and that it challenged the jurisdiction of the trial court to convict upon elements of a charge not made. These facts are insufficient for the Court to determine whether the plaintiff lost a chance to pursue a non-frivolous or arguable underlying claim. The Court will therefore dismiss the First Amendment claim. However, to the extent that the plaintiff is able to allege sufficient facts to support his First Amendment claim, the Court will permit the plaintiff to amend his complaint as to this claim within thirty days.

B.  Fourteenth Amendment: Due Process & Equal Protection

"[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." Sabatini v. Reinstein, 76 F. Supp. 2d 597, 598-99 (E.D. Pa. 1999) (citing Albright v. Oliver, 510 U.S. 266, 273 (1994)) (internal quotation marks omitted). Because the conduct complained of lies within the purview of the First Amendment, the Court will dismiss the substantive due process claim with prejudice.

Although the defendants only discussed substantive due process in their motion, the Court interprets the pro se complaint liberally and construes the complaint as bringing both procedural and substantive due process claims. To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to him did not provide "due process of law." Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006). The plaintiff has not alleged that he has been deprived of an interest in life, liberty, or property. Although the plaintiff may claim that his liberty interest has been infringed because he remains incarcerated, the interest he is allegedly being denied by the defendants' failure to docket his petition in this case is his interest in challenging the legality of the deprivation of liberty, not a liberty interest itself. Thus, to the extent Mr. Pridgen is alleging a procedural due process violation, amendment would be futile and the claim will be dismissed with prejudice.

To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally or purposefully discriminated against him because of his membership in a protected class. See Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 196 (3d Cir. 2009).

The plaintiff has not alleged that he is a member of a protected class, so his claim must be premised on a "class of one" theory. To establish a claim under a "class of one" theory, the plaintiff must at a minimum allege that he was intentionally treated differently from others similarly situated by the defendants and that there was no rational basis for such treatment. Phillips v. Cty. of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008). Because the amended complaint does not plead sufficient facts to state such a claim, the Court will dismiss the claim. However, since the Court has no basis for finding amendment futile as to this claim, the Court will permit the plaintiff to amend his complaint within thirty days as to his equal protection claim.

    C.    Pennsylvania Constitution

The amended complaint alleges violations of the Pennsylvania Constitution and, in particular, Article I § 14. Section 1983 is a vehicle for vindication of federal, not state rights. To state a claim under section 1983, a plaintiff must show that he was deprived of his rights under the Constitution or laws of the United States. Galena v. Leone, 638 F.3d 186, 196-97 (3d Cir. 2011); see also Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir. 1992) ("An alleged violation of state law . . . does not state a claim under section 1983."). To the extent the plaintiff brings his state constitutional claims under § 1983, the Court dismisses them with prejudice, as amendment would be futile.

The plaintiff may be able to state a private cause of action under the Pennsylvania Constitution for injunctive relief. See Jones v. City of Phila., 890 A.2d 1188, 1215, 1216 (Pa. Commonw. Ct. 2006) (finding no cause of action for monetary damages under the Pennsylvania Constitution, but noting that declaratory or prospective injunctive relief are remedies thereunder).  However, because the Court has dismissed all claims over which it had original jurisdiction as currently pleaded, the Court exercises its discretion to decline jurisdiction over the state law claim.  28 U.S.C. § 1367(c)(3); Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

An appropriate order follows separately.